No. 26-1444

IN THE

# United States Court of Appeals for the Third Circuit

IN RE LIGADO NETWORKS LLC, *et al.*
             *Debtors.*

LIGADO NETWORKS LLC,
             *Debtor-Appellant,*
v.
INMARSAT GLOBAL LIMITED,
             *Plaintiff-Appellee.*

On Appeal from the United States District Court
for the District of Delaware (Williams, J.)
No. 26-cv-118 (GBW)

**LIGADO'S RESPONSE TO THIS COURT'S ORDER CONCERNING APPELLATE JURISDICTION**

Mark D. Collins
Michael J. Merchant
Amanda R. Steele
Zachary J. Javorsky
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
collins@rlf.com

Dennis F. Dunne
Matthew L. Brod
Lauren C. Doyle
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
(212) 530-5000
ddunne@milbank.com

Andrew M. Leblanc
Colleen E. Roh Sinzdak
 *Counsel of Record*
Melanie Westover Yanez
Victoria L. Colbert
Elizabeth M. Fly
Chase J. Hanson
**MILBANK LLP**
1101 New York Avenue, NW
Washington, DC 20005
(202) 835-7570
crohsinzdak@milbank.com

February 28, 2026               *Counsel for Ligado Networks LLC*

# RESPONSE

This Court plainly has jurisdiction to hear Ligado's appeal. Section 1292(a)(1) allows an appeal of any district court order "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. 1292(a)(1). The District Court's stay order dissolved the Bankruptcy Court's injunction, and therefore falls squarely within Section 1292(a)(1). The Supreme Court confirmed in *Connecticut National Bank v. Germain* that Section 1292 applies with full force in the bankruptcy context. 503 U.S. 249, 254 (1992) ("So long as a party to a proceeding or case in bankruptcy meets the conditions imposed by § 1292, a court of appeals may rely on that statute as a basis for jurisdiction."). Here, the District Court's order unquestionably modified or dissolved the injunction entered by the Bankruptcy Court ordering Inmarsat to comply with its contractual obligation and Bankruptcy Court orders, Memorandum at 7 (staying the Bankruptcy Court's order that "*inter alia*, grants an injunction"), making that decision immediately appealable under Section 1292(a)(1).

*Trans World Airlines* is not to the contrary. In that case, the Third Circuit made clear that its holding that it lacked jurisdiction to review a stay of a bankruptcy court order was based on its determination that the bankruptcy court order in question was "a money judgment" and *not* an injunction, such that Section

1

1292(a)(1) did not apply. *In re Trans World Airlines, Inc.*, 18 F.3d 208, 213-14 (3d Cir. 1994). Indeed, *Trans World* spent nearly three pages analyzing the question of whether the underlying Bankruptcy Court order could qualify as an injunction, demonstrating the importance of that question to the analysis. Nor do the other cases cited in the Court's order suggest otherwise. *Revel* and *Body Armor* both held that a District Court decision denying a stay *was* appealable, which obviously does not suggest the Court lacks jurisdiction here. *In re Revel AC, Inc.*, 802 F.3d 558, 567 (3d Cir. 2015) (observing that "the District Court *denied* a stay and the practical effect was to resolve IDEA's appeal on the merits," such that without the Third Circuit's intervention, the District Court decision "would have mooted its appeal."); *S.S. Body Armor I., Inc. v. Carter Ledyard & Millburn LLP*, 927 F.3d 763, 770 (3d Cir. 2019). And any other reading of this Court's precedents would place them squarely in conflict with *Germain* because it would mean carving out an exception to Section 1292 for bankruptcy cases, exactly what *Germain* rejected.

Moreover, the District Court's stay order is appealable for the distinct reason that it is final under 28 U.S.C. § 1291 and 28 U.S.C. § 158(d)(1). As the Supreme Court recently clarified in *Ritzen Group, Inc. v. Jackson Masonry, LLC*, "orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." 589 U.S. 35, 37 (2020) (quoting *Bullard v. Bule Hills Bank*, 575 U.S. 496, 501 (2015)). Here, if the District Court's

2

stay order is left standing, it will effectively dispose of the material question in this case: whether Inmarsat may violate its obligations under the Mediated Agreement and the Bankruptcy Court's orders by failing to provide the affirmative support it contractually agreed to provide, and for which Inmarsat has already received $420 million. The window for public comment on Ligado's FCC application closes *Monday*, meaning that unless this Court acts before then, Inmarsat's improper opposition to the application may be its last word in the public comment period, risking irreparable injury to Ligado. There is no principle of finality or jurisdiction that justifies that result. *See S.S. Body Armor I*, 927 F.3d at 770 (observing in the bankruptcy context the Third Circuit has "adopted a relaxed, pragmatic, and functional view of finality in lieu of the traditional, technical view").

## CONCLUSION

For the foregoing reasons, this Court possesses jurisdiction and should immediately grant an administrative stay and vacate the stay pending appeal entered by the District Court.

| Dated: February 28, 2026 | /s/ *Michael J. Merchant* |
|---|---|
| | Andrew M. Leblanc |
| | Colleen E. Roh Sinzdak |
| |   *Counsel of Record* |
| | Melanie Westover Yanez |
| | Victoria L. Colbert |
| | Elizabeth M. Fly |
| | Chase J. Hanson |
| | **MILBANK LLP** |
| | 1101 New York Avenue, NW |
| | Washington, DC 20005 |
| | (202) 835-7570 |
| | crohsinzdak@milbank.com |
| | |
| | Dennis F. Dunne |
| | Matthew L. Brod |
| | Lauren C. Doyle |
| | **MILBANK LLP** |
| | 55 Hudson Yards |
| | New York, NY 10001 |
| | (212) 530-5000 |
| | ddunne@milbank.com |
| | |
| | Mark D. Collins |
| | Michael J. Merchant |
| | Amanda R. Steele |
| | Zachary J. Javorsky |
| | **RICHARDS, LAYTON & FINGER, P.A.** |
| | One Rodney Square |
| | 920 North King Street |
| | Wilmington, DE 19801 |
| | (302) 651-7700 |
| | collins@rlf.com |
| | |
| | *Counsel to Ligado Networks LLC* |

## COMBINED CERTIFICATE OF COMPLIANCE

1. Pursuant to this Court's Local Appellate Rules ("LAR") 28.3(d) and 46.1(e), as the signatory on the foregoing document, I am admitted and a member in good standing at the Bar of this Court.

2. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure ("FRAP") 27(d)(2)(A) because it contains 649 words, excluding the parts of the motion exempted by FRAP 32(f).

3. This motion complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Times New Roman) using Microsoft Word, the same program used to calculate the word count.

4. This motion complies with LAR 31.1(c) because the electronic file was scanned with the following antivirus software, and no virus was detected: Microsoft Defender Antivirus Version 1.429.516.0.

Dated: February 28, 2026

By: */s/ Michael J. Merchant*
Michael J. Merchant